WO                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Hernandez Romero, | No. CV 21-08045-PCT-JAT (ESW) |
| Petitioner, | |
| v. | **ORDER** |
| State of Arizona, | |
| Respondent. | |

Petitioner Greg Hernandez Romero, who is confined in the Arizona State Prison Complex-Tucson, has filed a document captioned "Form 24(b). Notice Requesting Post-Conviction Relief" and referring to Yavapai County Superior Court case 19-24576" (hereafter, "Petition") (Doc.1). To facilitate consideration of the document, the Clerk of Court filed the document as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court will dismiss the Petition and this action.

**I.   Background**

Petitioner was convicted pursuant to a plea agreement in Yavapai County Superior Court, case P1300CR201900870, of one count of second-degree murder, and three counts of aggravated assault.[1]  On December 4, 2020, Petitioner was sentenced to a term of imprisonment of 35.75 years.[2]

---

[1] *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, Search Last Name Romero, First Name Greg, December 4, 2020 Minute Order (last accessed Mar. 3, 2021).

[2] *See* n.1, *supra.*

## II. Discussion

Petitioner may not obtain relief under the Arizona Rules of Criminal Procedure in this *federal* district court. Rule 24 of the Arizona Rules of Criminal Procedure, to which "Form 24.b" appears to refer, addresses motions for new trial, motions to vacate judgment, motions for modification of sentence, and motions concerning clerical errors. Ariz. R. Crim. P. 24. If Petitioner intended to file the Petition as a motion in the state trial court, he must resend Form 24.b to the appropriate state court, not this *federal* court. This *federal* court lacks jurisdiction to grant relief as to the Petition. A federal district court is not a court of appeal or review from a state superior court decision and must decline jurisdiction whenever it is "in essence being called upon to review the state court decision." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) ("Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are "in essence being called upon to review the state court decision.") (applying the *Rooker-Feldman* doctrine; *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). Therefore, to the extent that Petitioner seeks any relief in his Petition, such relief will be denied, and his Petition and this action dismissed.[3]

**IT IS ORDERED:**

(1) The Petition and this action are **dismissed** to the extent that any relief is sought. (Doc.1.)

(2) The Clerk of Court must enter judgment accordingly and close this case.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See*

---

[3] Petitioner may challenge his conviction and sentence as unconstitutional under 28 U.S.C. § 2254. However, Petitioner must first exhaust state court remedies. *Rose v. Lundy*, 455 U.S. 509 (1982) (prisoner attacking a state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus).

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 12th day of March, 2021.

James A. Teilborg
Senior United States District Judge